United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABIMAEL RODRIGUEZ CAUDRADO, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-666 |
| § | |
| FIESTA MART, LLC, § § | |
| Defendant. § § § | |

**MEMORANDUM AND OPINION**

This is one of the many premises liability cases brought by shoppers against large retail outlets. Abimael Rodriguez Caudrado alleges that he slipped, did not fall, but was injured, when he slipped on a substance on the floor of a Fiesta Mart store in Houston in January 2023. (Docket Entry No. 17-1 at 10). He did not fall, preventing himself from sliding forward by holding onto a grocery cart. (*Id.*). Fiesta Mart timely removed to this court on the basis of diversity jurisdiction. (Docket Entry No. 1).

Fiesta seeks summary judgment on three issues. First, Fiesta argues that all Caudrado's claims are for premises liability—a liquid spilled on the floor—not negligent activity. Second, Fiesta argues that the record does not show that Fiesta placed the liquid on the floor, had actual notice that it was there, or that the liquid was on the floor for long enough to give Fiesta a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812, 814 (Tex. 2022).

The record does not contain evidence that any Fiesta Mart employee placed the liquid on the floor or was in a position to know that the liquid was on the floor before Caudrado slipped.

First, Caudrado did not see the liquid on the ground before he fell. (Docket Entry No. 17-1 at 11). Second, there is no evidence as to how long the liquid had been on the floor, except whatever inference can be drawn from the testimony that the unknown liquid appeared "dirty." (*Id.*). Nor is there evidence that the spill was close enough to Fiesta employees for long enough to support an inference that the employees had a reasonable opportunity to discover and fix the slippery spill on the floor.

This is one of many slip or trip cases that have been filed in this and other courts over the past two years. *See, e.g.*, *Reece*, 81 S.W. 3d at 814; *Weathered* v. *Family Dollar Stores of Tex. LLC*, No. 3:22-CV-2409-K-BN, 2023 WL 8628929, at *8 (N.D. Tex. Nov. 27, 2023), *report and recommendation adopted sub nom. Weathered v. Family Dollar Stores of Tex. LLC*, No. 3:22-CV-2409-K-BN, 2023 WL 8627816 (N.D. Tex. Dec. 13, 2023); *Thompson v. D G Louisiana, L.L.C.*, No. 23-30016, 2023 WL 6518156, at *2 (5th Cir. Oct. 5, 2023); *Melo v. Wal-Mart Stores Tex.*, LLC, No. CV H:22-4057, 2023 WL 5310572, at *5 (S.D. Tex. Aug. 17, 2023). Perhaps there is a spike due to the staffing shortages that apparently accompanied the early days of COVID. The record evidence in this case and the law established in many of the recent cases shows that absent evidence that the spill was on the floor long enough in circumstances that would reasonably bring it to the attention of store employees, the store is entitled to summary judgment. *Compare Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 454 (5th Cir. 2023) (fact issue existed as to whether puddle was on floor long enough to put Wal-Mart on notice when evidence showed that "two Wal-Mart employees could have seen the puddle, one of whom was actually notified of it; a shopping basket dripping from the rain likely formed the puddle some time before [another shopper] even noticed it; and the puddle was located in a heavily trafficked portion of the store").

The motion for summary judgment is granted.  Final judgment is entered by separate order.

SIGNED on January 2, 2024, at Houston, Texas.

```
                                    _____
                                          Lee H. Rosenthal
                                    United States District Judge
```